IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv149-RLV
(5:05cr221-2)

| | |
|---|---|
| BON ALEXANDER STROUPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND NOTICE** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b), 28 U.S.C. § 2255 foll.

For the reasons stated herein, it appears that Petitioner's motion is time-barred. He shall be given 20 days to file a document explaining to the Court why he believes his motion should not be dismissed as untimely. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (directing district courts to warn *pro se* petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion).

## PROCEDURAL HISTORY

On July 25, 2005, Petitioner was charged in a two-count bill of indictment with conspiracy to manufacture and possession with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (2000) (Count 1), and possession of pseudoephedrine, with the intent to manufacture methamphetamine, and aiding and abetting same, in violation of 21 U.S.C. § 841(c) (2000), and 18 U.S.C. § 2 (2000) (Count 2). (Case No. 5:05cr221-2, Doc. No.1.) On December 30, 2005, Petitioner entered a straight up guilty plea to both Counts. (Id., Doc. No. 30.). On June 20, 2006, the undersigned sentenced Petitioner to 181 month concurrent sentences. (Id., Doc. No. 37.)

Petitioner appealed, and the Court's judgment was affirmed by the Fourth Circuit Court of Appeals on October 22, 2007. (Id., Doc. No. 55.) There is no evidence in the record before the Court that Petitioner filed a petition for writ of certiorari in the United States Supreme Court. On October 19, 2011, Petitioner filed the instant Motion to Vacate, contending that his sentences are invalid in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577 (2010). (Doc. No. 1.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations for filing a motion to vacate, set aside or correct sentence, which usually runs from the date on which the judgment of conviction in the criminal case becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's conviction and sentence became final on or about January 30, 2008, when the 90-day period for filing a certiorari petition in the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 532 (2003). Consequently, Petitioner had

until on or about January 30, 2009, to file a timely motion to vacate in federal court. See § 2255(f)(1). As Petitioner did not file the instant Motion until October 19, 2011, it appears to be untimely. See id.

Petitioner contends, however, that his motion is timely pursuant to § 2255(f)(3), under which the one-year statute of limitations begins to run on "the date on which the right asserted [by the petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner argues that in Carachuri-Rosendo, the Supreme Court newly recognized a right that is retroactively applicable to his sentences on collateral review.

Even assuming that Petitioner is correct that the Supreme Court recognized a new right that is retroactively applicable to cases on collateral review, his Motion to Vacate nevertheless appears to be untimely. Under § 2255(f)(3), the statute of limitations begins to run from the date on which the right was initially recognized by the Supreme Court. Dodd v. United States, 545 U.S. 353, 375 (2005). Carachuri-Rosendo was decided on June 14, 2010. 130 S.Ct. at 2577. Petitioner, therefore, had until June 14, 2011 to file a timely motion to vacate under § 2255(f)(3). Dodd, 545 U.S. at 375. Absent equitable tolling, Petitioner's Motion is untimely. § 2255(f)(3).

**IT IS, THEREFORE, ORDERED** that Petitioner has twenty (20) days from the date on which this Order is entered to file a document in this Court explaining why his § 2255 motion should not be dismissed as untimely.

Signed: October 20, 2011

Richard L. Voorhees
United States District Judge

3

Case 5:11-cv-00149-RLV   Document 2   Filed 10/20/11   Page 3 of 3