DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-149-RLV
(5:05-cr-221-RLV-DCK-2)

| | | |
|---|---|---|
| BON ALEXANDER STROUPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on the Government's unopposed motion to hold this matter in abeyance pending the Supreme Court's decision in <u>Beckles v. United States</u>, Case No. 15-8544. (Doc. No. 36).

Petitioner originally filed the underlying motion to vacate, pursuant to 28 U.S.C. § 2255, in 2011, arguing that his prior convictions did not qualify as felonies in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). His motion was held in abeyance pending the decision in <u>Whiteside v. United States</u>, 775 F.3d 180 (4th Cir. 2014) (en banc). In 2015, Petitioner moved, through counsel, to supplement his motion to vacate to add a claim that application of the career offender enhancement in U.S.S.G. § 4B1.2 violates due process in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Government moved to dismiss Petitioner's motion as untimely and non-cognizable as to <u>Simmons</u> and procedurally barred as to <u>Johnson</u>. The Government also argued that <u>Johnson</u> does not apply retroactively to guidelines claims on collateral review. Petitioner opposed the motion to dismiss.

In its pending motion to stay, the Government notes that, in <u>Beckles</u>, the Supreme Court

1

granted the defendant's petition for writ of certiorari and will decide (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

The Government contends that the Supreme Court's decision in Beckles may be dispositive of Petitioner's claim for relief under Johnson. The Government therefore requests that this Court hold Petitioner's motion to vacate his sentence in abeyance pending the Supreme Court's decision in Beckles. The Government notes that Petitioner's counsel has consented to the motion.

The Court will grant the Motion to Stay, (Doc. No. 36), and the Government shall have sixty days following the decision in Beckles to file a supplemental response to Petitioner's motion to vacate.

**IT IS SO ORDERED**.

Signed: September 26, 2016

Richard L. Voorhees
United States District Judge