DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-149-RLV
(5:05-cr-221-RLV-DCK-2)

BON ALEXANDER STROUPE,            )
                                  )
                    Petitioner,   )
                                  )
            vs.                   )            ORDER
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Respondent.   )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255,[1] (Doc. No. 1), on Petitioner's Supplemental Motion to Vacate, (Doc. Nos. 8, 24, 30, 33), and on the Government's Responses to the Motion to Vacate, (Doc. Nos. 13, 29, 34, 38). Petitioner is represented by Ann L. Hester of the Federal Public Defenders of Western North Carolina. Through counsel, Petitioner moves this Court to vacate his career offender sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and he also contends that he is entitled to sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Finally, Petitioner has also filed a pro se Motion for Leave to Amend, in which he contends that he is entitled to relief under Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. No. 16).

I.     BACKGROUND

---

[1] Petitioner also initially sought alternative relief under 28 U.S.C. § 2241 and under the writs of coram nobis and audita querela, but he voluntarily dismissed those alternative claims. (Civ. Doc. No. 9).

1

Petitioner Bon Alexander Stroupe pled guilty, without a plea agreement, to conspiracy to manufacture and possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; and possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c). (Crim. Case No. 5:05-cr-221, Doc. No. 30: Acceptance & Entry of Guilty Plea). In the presentence report, the probation officer determined that Petitioner qualified as a career offender under § 4B1.1 of the sentencing guidelines based on four prior convictions for breaking or entering in Burke County, North Carolina. (Id., Doc. No. 50 at ¶ 23: PSR). Because Petitioner qualified as a career offender, the probation officer recommended a guidelines range of 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. (Id. at ¶ 72).

After adopting the presentence report, this Court sentenced Petitioner to 181 months in prison, giving Petitioner credit for the time he served in state court on the instant offense. (Id., Doc. No. 37: Judgment). This Court entered judgment on June 30, 2006, and Petitioner appealed. (Id., Doc. No. 39: Notice of Appeal). The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion issued October 22, 2007. (Id., Doc. No. 55). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

About four years later, Petitioner filed the instant motion to vacate his career-offender sentence under § 2255, contending that his breaking and entering convictions do not qualify as felonies in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Civ. Doc. No. 1). Petitioner filed several amendments to his motion, supplementing his argument under § 2255. (Civ. Doc. No. 3, 4, 8, 16, 24). In an order dated December 2, 2013, this Court directed the Government to respond to Petitioner's Simmons claim. (Civ. Doc. No. 11). The Government filed a response, seeking dismissal of Petitioner's

2

Simmons claim as time-barred and non-cognizable under § 2255. (Civ. Doc. No. 13). The case was then held in abeyance pending resolution of Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014). (Doc. No. 15). In August 2015, the stay was lifted, and the Government was ordered to respond. (Civ. Doc. No. 23). On August 18, 2015, Petitioner sought to supplement his motion to vacate to add a claim that his sentence as a career offender violates due process pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (Civ. Doc. No. 24).

On October 29, 2015, the Government filed a Supplemental Response, addressing Petitioner's Johnson claim. (Doc. No. 29). The parties thereafter filed several memoranda addressing Petitioner's Johnson claim. (Doc. Nos. 30, 31, 34, 35). On September 26, 2016, the Court granted Petitioner's motion to stay pending Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 37). On March 6, 2017, the Supreme Court held in Beckles that Johnson does not apply to the federal sentencing guidelines. In other words, the Beckles Court held that, the federal sentencing guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Fifth Amendment's Due Process Clause. (Id. at 890). In light of Beckles, the Government filed an additional memorandum on May 5, 2017. (Doc. No. 38). This matter is now ripe for disposition.

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

3

## III. DISCUSSION

A. Petitioner's Simmons Claim

Petitioner first contends that he is entitled to relief under Simmons, in which the Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if that defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. United States v. Simmons, 649 F.3d 237, 244 (4th Cir. 2011). Petitioner contends that because he did not receive more than one year in prison for any of his North Carolina breaking or entering convictions, he no longer has the predicate convictions to qualify as a career offender. In response, the Government contends that Petitioner's Simmons claim is untimely and should therefore be dismissed. For the following reasons, the Court agrees with the Government that Petitioner's Simmons claim is time-barred.

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final ninety days after the Fourth Circuit affirmed this Court's judgment, when Petitioner's time for filing a petition seeking a writ of certiorari from the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's motion, filed four years later, is therefore untimely under the one-year statute of limitations. Petitioner contends, however, that his motion is timely either because he filed within one year of the new "fact" of Simmons or, alternatively, because he is entitled to equitable tolling. Because Petitioner's motion does not qualify for either exception, his motion will be dismissed.

Section 2255(f)(4) allows for a one-year time period for filing an initial § 2255 motion after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." "Facts" as used in § 2255(f)(4) refers to an actual or alleged event or circumstance, not to the date a petitioner recognizes their legal significance. United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to reopen the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)." Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (internal quotations omitted). Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief. Instead, he relies entirely on changes in the law. Because § 2255(f)(4) does not serve to reopen the time period for filing an initial § 2255 motion under these circumstances, it does not render Petitioner's motion timely.

Petitioner is also not entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling of the § 2255(f) limitations period is only available in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner has made no such showing here. In relevant part, § 2255 provides that a prisoner may be entitled to relief on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). As the Supreme Court

recognized in Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), a petitioner is only entitled to relief under § 2255 on the basis of a non-constitutional error if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." See also Hill v. United States, 368 U.S. 424, 428 (1962). As long as a sentence is within the statutory maximum term of imprisonment, it is not an unlawful sentence and its imposition is not a miscarriage of justice. See Sun Bear, 644 F.3d at 705; United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"); cf. United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (holding, when the Sentencing Guidelines were mandatory, that misapplication of Sentencing Guidelines is not cognizable under § 2255, because "a misapplication of the guidelines typically does not constitute a miscarriage of justice"). Here, the Government argues, and this Court agrees, that because Petitioner was sentenced within the statutory maximum sentence to which he was subject even if he were not considered to be a career offender, he is not entitled to relief under § 2255 based on his career offender designation. Accord United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part). Thus, even if the Court were to apply equitable tolling, Petitioner would not be entitled to relief under Simmons.

B. Petitioner's Johnson Claim

As noted, Petitioner has supplemented his motion to vacate to add a claim that application of the career offender enhancement under U.S.S.G. § 4B1.2 violated due process in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act unconstitutionally vague. On May 5, 2017, the Government submitted a supplemental response to Petitioner's motion to vacate following the Supreme

Court's decision in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). The Government contends that <u>Beckles</u> forecloses Petitioner's <u>Johnson</u> claim.[2] The Court agrees. In <u>Beckles</u>, the Court rejected a due process challenge to the career offender guideline, holding that "the advisory Guidelines are not subject to vagueness challenges." <u>Beckles</u>, 137 S. Ct. at 890. Here, because Petitioner was sentenced as a career offender and not under the Armed Career Criminal Act, in light of <u>Beckles</u>, Petitioner is not entitled to relief on his <u>Johnson</u> claim.

    C.  Petitioner's <u>Descamps</u> Claim

Finally, Petitioner seeks to amend his motion to vacate to raise, pro se, an additional claim under <u>Descamps</u>, arguing that his prior North Carolina convictions for breaking or entering were incorrectly used towards his classification as a career offender. In <u>Descamps</u>, the Supreme Court held that, when imposing an increased sentence based on prior convictions under the Armed Career Criminal Act, federal sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements. <u>Descamps</u>, 133 S. Ct. at 2282. Here, assuming that the <u>Descamps</u> holding even applies to Petitioner's case, Petitioner has no relief under <u>Descamps</u>, as <u>Descamps</u> is not a new rule of constitutional law made retroactive to cases on collateral review. See <u>Lester v. United States</u>, No. 5:07-CR-169-D, 2014 WL 4105677, at *1 (E.D.N.C. Aug. 19, 2014) (listing numerous cases throughout the various circuits treating <u>Descamps</u> as non-retroactive).

**IV.    CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

---

[2] The Government had also argued in one of its memoranda that Petitioner's <u>Johnson</u> claim was procedurally defaulted. See (Civ. Doc. No. 32).

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Petitioner's Pro Se Motion for Leave to Amend, (Doc. No. 16), is **GRANTED** to the extent that the Court has considered the arguments presented in Petitioner's motion.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 19, 2017

Richard L. Voorhees
United States District Judge